et al., and Sean Daugherty. Good morning, Mr. Jeanty. You have two minutes reserved for rebuttal, and you can begin whenever you're ready. Good morning, Your Honors. Vladimir Jeanty. I'd like to focus a limited time on the Section 60B-3 allegations in my motion. My argument today is simply that I believe the district court abused her discretion in denying a motion. The reason I believe she did that is because she did not hold a hearing to obtain evidence or facts upon which she could make the decision she made. It is my position that the district judge made her ruling based strictly on speculation. I submitted a motion that gave it evidence, and even though that evidence was not complete, it was enough for the judge, the district judge, to hold a hearing to create a complete record and therefore, from there, either grant or deny the motion. If you read the district judge's reasoning, which is found at Special Appendix 9 and 10, you can see there that she relies strictly on Attorney Bagley's affidavit, where he makes a broad statement as to why the modifications in the metadata, which is what I'm alleging, occurred. The question is whether the modifications in the metadata is clear and convincing evidence of fraud, right? Right. So, if all of the dates on the metadata are the day that it was printed or shared or whatever, I mean, doesn't that suggest that there is an explanation for why there's a change date, and so it's not clear and convincing evidence of fraud? The defendants provided compact disks, multiple compact disks. All they were required to do was copy the photographs from their servers and provide them to me. Each time they provided these compact disks, the system says that they modified some metadata. It is true that it hasn't been specified which category of metadata was changed or how it was changed, and that is the issue that the judge should resolve first before she can determine whether I provided clear or convincing evidence. The files themselves tell you something has been modified. Oh, I thought the modification was that the incident occurred on the 15th, but the metadata says it was taken on the 20th. You're saying there could be other modifications? Well, there's no way to tell what the original metadata was. All we know is that the metadata they provided was modified. The question is which exact one and how. There were 22 total photographs. The only ones I'm referring to are 10 specific photographs which occurred outside as opposed to the other 12 which occurred inside. So you have metadata that's created once the photographs are taken. So when the system, each time they produce the photographs, it says some of this metadata has changed, but I'm not told what is. I'm just provided a CD and the system says metadata has changed. And when I'm attempting to figure out which one of these metadata fields were changed and by who, I'm still provided the same information each time. Is there something about the photographs where you have allegations that they were modified in a certain way or to be more incriminating than they otherwise are? What is your theory about why they're changing the metadata? Well, what was important with the photographs is what is depicted in them. The officers are alleging that certain facts are depicted in the photographs. And the date is a very important point. So it is the date. I mean, that's the main change that you've identified. But there are some... I mean, you said that you're only challenging some of the photographs, the ones that are taken outside, not the ones that are inside, right? Correct. There's some photographs in which you appear, right? And you don't dispute that those were taken on the 15th, right? No, I do not because I'm physically there. So if they are committing fraud by taking photographs on the 20th, why would they change the photographs that are genuine to make it appear as if they were taken five days later? Why wouldn't they make all the photographs appear as if they were taken on the day of the incident? Well, the 12 photographs that were taken, which I don't argue with, were taken on the 15th. The ones taken later, those are the incriminating photographs. Those are the photographs that are outside. I'm not in any of those photographs. Yeah, but I just... Maybe I'm misunderstanding, but aren't even the photographs that you agree were taken on the 15th? Correct. Doesn't the metadata suggest they were taken on the 20th? Like the metadata changed in the same way with respect to all of the photographs, right? No, the metadata for the ones taken on the 15th simply show the 15th. It's the other photographs which have been, in my opinion, backdated to show that all these photographs are consistent and they're all taken on the same day. Therefore, the photographs would support the officer's narrative. If the original metadata was never changed, then the officer could not testify to those photographs or even mention any facts relating to those photographs, going back to when I was arrested or throughout this litigation. All right. Thank you, Mr. Jenkins. We'll hear now from Mr. Orn first. May it please the Court. My name is Zachary Orn and I represent the defendant appellees, City of Utica, Mark Williams, Michael Cerminaro, Peter Palladino, Edward Hagen, and Michael Petrie and David Dare. I have three points I would like to discuss with the Court today. The first is the Court is without jurisdiction on this issue because plaintiff raised this issue in his direct appeal and that was affirmed by this Court. In fact, two members of this very panel. So he cannot use Rule 60B to collaterally attack an affirmed final judgment by a prior panel of this Court. That review could only have from an en banc review or the United States Supreme Court, none of which happened on the direct appeal. The second issue which responds to directly what plaintiff raised is whether or not the district court was correct not to hold a hearing. We submit that the district court was correct not to hold a hearing for two reasons. First, the D'Costa report is not clear and convincing evidence under Rule 60B-3. And second of all, and I really want to get to this point under 63B, at trial the alleged fraudulent testimony from Officer Slaminovich was elicited from plaintiff himself. I submitted the trial record and the briefs in that regard, or the trial record where it shows that Defendant Cerminaro actually objected to from Officer Slaminovich giving the testimony because they felt he was unqualified. And third, there is an alternative basis to affirm, which was raised in the district court, which was that D'Costa is not a qualified expert. In fact, I think he has three IT classes. He has never delved into forensic photograph analysis whatsoever. And additionally, if you look at the report, it does not identify the software that was used to determine that the metadata was edited, nor does it describe the techniques applied. The report just says a simple review of the metadata. That's all the foundation that's given. That's at S8380. So with these three points outlined, with a minute left, if your honors have any questions on any of this, I'd be happy to answer any questions. If not, I would rest on my papers. I noticed that it might be a small point and maybe isn't dispositive, but we have the printouts of the photographs. Yes. And even the ones that he doesn't contest were taken on October 15th. Do you say date taken October 20th? So is that a reflection of the metadata being changed about when they were taken? No. I think what's going on here, Your Honor, what you just held up is a picture from the record management system. And my co-counsel can speak more on that. It's not contested in this case that Officer Doherty entered those photographs five days late. So when he takes those photographs and puts them into the record management system, they all come up October 20th, 2009. So yes, that's why that's there. I think plaintiff's argument... That date here, the 20th, is not the metadata change that's a different issue? That was a different issue, yes, Your Honor. The document management system or something that puts that date there. Correct. That's not the metadata of the raw photograph itself. I believe plaintiff... If you opened up the raw photograph, it would still say October 15th? Yes. I believe that's my understanding. And I believe that's the basis of plaintiff's appeal is that he has issue with the raw metadata photographs. And as Your Honor alluded to earlier during plaintiff's oral argument, as the district court correctly found, the productions of the raw photographs, the time stamps of the alleged change metadata correspond to when those CDs were burned and produced. That is not clear and convincing evidence of fraud. Right. So I thought the suggestion was when they were copied they changed the metadata to say that that was the date it was taken or created. That's the date the file was created and that's what he's focused on. I thought it was focused on that's the date that the metadata was changed. And those changed metadata dates correspond to the production of the CDs. Thank you. Thank you, Your Honor.  May it please the court, I'm David Bagley and I represent Defendant Appelee Sean Doherty whose connection and whose sole connection to the subject matter before the court today is that he took the photographs on the 15th and because it was off a few days prior to this RMS system on October 20th of the year in question. The subject of the supposedly modified photos metadata has already thoroughly and exhaustively been examined many times prior to this appeal. In the district court in a lengthy discovery process in which all of these questions were asked and addressed in the district court at trial where, as counsel mentioned, plaintiff elicited testimony concerning it. By this court on the first appeal in which plaintiff did raise this point, again as my co-counsel alluded to, and finally on the Rule 60 motion in which Judge Sanis issued her thoughtful, thorough decision leading to this appeal. Plaintiff's conjecture regarding the metadata, including the dates, have been rejected at every juncture and repeatedly found without substance. The district court on plaintiff's 11th hour Rule 60 motion seven years in ruled that he failed to satisfy his burden to show by clear and convincing evidence entitlement to relief under Rule 60. The presentation was found to be speculation without any coherent factual foundation and plaintiff... Well, there's some factual foundation, right? You don't dispute that there is a change to the metadata. I'm sorry, Your Honor? You don't dispute that there is a change to the metadata, right? That there was. You just think that there's an innocent explanation for it. There was no change to the photographic metadata. The only changes that are even alluded to are those that were found in the listings that were provided to plaintiff over time in discovery. But still photograph metadata consists of very little. Date taken, type of camera, and perhaps one other item that I can't call to mind right now, but the changes had to do with the dates listed with respect to each photograph. And those dates varied in part because the defendants were required to produce them over and over to plaintiff, and in doing so, different dates came up. Because the file was saved somewhere else or something and it suggests that it was taken on that date or generated on that date. That's right. That's correct. And that's... There's an explanation for that discrepancy, not that it doesn't exist, right? That is an explanation for the discrepancy, but it's important to note whose burden it is here. The plaintiff and his last-minute retained expert could only say there was, quote, some sort of, some type of modification, close quote, the nature and effect of which is completely left to the imagination. So that is why Judge Sanis correctly determined that the plaintiff had not met his burden under Rule 60. By the way, the judge addressed every subsection of Rule 60 in her opinion. 60B3 seems to be the focus here, and in that connection, the judge found that there was no, or there certainly was no clear and convincing evidence of supposed fraud. And so based on the judge's thoughtful opinion and the fact that the entire case has been based on accusatory conjecture from the outset, the denial of the Rule 60 motion should be affirmed by this court. Thank you. We are just at 50. You have two minutes in rebuttal. Your Honor, your very questions to both attorneys exemplify why the district court should have had a hearing. You're asking him questions and he's answering them based on just what he believes. The district judge stated, as plaintiff requested and received copies of the photographs on multiple occasions, it is entirely plausible that this metadata is a function of plaintiff's multiple requests and the production of the photographs through at least two different avenues for and discovery. That's her reasoning. The district judge didn't say I'm denying the motion because I've already addressed it a hundred times. If she said that, fine, but that's not what she said. She simply said that the metadata has changed because they copied them more than once. That's it. But didn't you have this metadata all this information prior to the trial, though? This wasn't new, right? You had all this during discovery, right? So you're asking her to conduct a hearing after the trial, but you could have raised all these things and maybe you did during the trial, right? About the different dates, you didn't raise that during the trial? No, when I'm given a CD and I notice... Don't you see the different dates when you're given the CD? I see the dates and I bring it up to the judge's attention. She addresses it with attorneys and they give the same explanation. They never say the metadata wasn't changed. No attorney has said that that metadata... You could have called witnesses at the trial. You could have had Mr. DaCosta testify at the trial. There wasn't anything new that came out after the trial other than that you got Mr. DaCosta to look at it, right? That could be true, but I don't think that's the issue, Your Honor. Well, I guess your position would be that even if it's not new evidence, if it's clear and convincing evidence of fraud, it doesn't have to be new for your motion. But then the question is whether it's clear and convincing evidence of fraud. So if you see the discrepancies in the dates, but there is a pretty clear explanation for why there's the discrepancies because the dates correspond to the dates of production, why doesn't that mean that your evidence isn't clear and convincing that there's something fraudulent going on? Because that's just an attorney stating that. He doesn't know where that information came from. He's just given a CD and he's telling you, oh, this is the explanation. The person who created the CD is not the one stating that. It is an attorney writing on a piece of paper. So you're saying what you should have gotten was having somebody responsible for the creation of the digital files testify as to why the dates were different. The person who created the CD, all they were required to do was get the photographs, copy them, and provide them. And if that's occurred, there'd be no change in the metadata. If the system tells you there's a change, that's because someone accessed the file, changed it before they produced it. And that's all it is. And if the system says metadata was changed, it was changed. And the question is how. And just because the attorney says this is the explanation, I don't believe that's enough for the judge to deny the motion.